[No. 8606. Department Two. June 23, 1910.]

A. J. TOWNER, *Respondent*, v. P. A. BLUE *et al.*, *Appellants.*[1]

SPECIFIC PERFORMANCE—FRAUDS, STATUTE OF—PART PERFORM-
ANCE—DILIGENCE—EVIDENCE—SUFFICIENCY. There is no such part
performance of an oral contract for the purchase of land as to
take the case out of the operation of the statute of frauds and
entitle a vendee to specific performance, when the testimony in rela-
tion to the contract is uncertain and misty, and it appears that the
vendees were not diligent in their performance of the contract,
the vendees having failed to pay as agreed, but continuing to pay
rent for two years and eight months, and having stated that they
were unable to make the purchase.

Appeal from a judgment of the superior court for Cow-
litz county, McCredie, J., entered September 7, 1909, upon
findings in favor of the plaintiff, in an action of ejectment,
after a trial before the court without a jury. Affirmed.

*A. L. Miller* and *E. M. Green*, for appellants.

*A. H. Imus* and *J. E. Stone*, for respondent.

PER CURIAM.—The action was brought for ejectment.
The defense was that the defendants had purchased the prop-
erty involved in the proceeding of one Bogart, by oral agree-
ment, and defendants asked for specific performance. The
case was tried upon the theory that the plaintiff could not
prevail if the defendants were entitled to specific perform-
ance. Otherwise, it was conceded that he should. The court
found that the plaintiff was the owner of the property, and
entitled to the possession, entitled to a writ of ejectment
ejecting said defendants from said premises, and to an order
restoring the possession of said premises to said plaintiff;
that the plaintiff was entitled to judgment against the de-
fendants in the sum of $152, the rental value of the premises
detained, and for his costs and disbursements. Judgment

[1]Reported in 109 Pac. 601.

was entered accordingly, and the appeal is from such judgment.

The whole question at issue is, was there such a contract, and if so, such a performance of that contract, as would entitle the appellants to a judgment for specific performance. It is insisted by the appellants that there was such part performance on their part as would take the contract out of the operation of the statute of frauds, and we think this is true if the contract was otherwise performed as contended for by the appellants. It is also insisted by the appellants that this court held in *Mudgett v. Clay*, 5 Wash. 103, 31 Pac. 424, in accordance with general authority, that a mere conflict of testimony is not of itself a sufficient ground for refusing relief, but that it is sufficient if from the whole evidence in the case the contract can be determined with reasonable certainty. This statement of the law will not be disputed, but it was also said in that case that it was a settled rule that a court of equity would not compel the specific performance of a contract in favor of one who had not been diligent in performing his own part of the contract; and applying that rule to this case, the appellants cannot prevail.

The testimony in relation to the contract is very unsatisfactory, uncertain, and misty; but the testimony in relation to the compliance on the part of the appellants with the contract is certain to the effect that they were not diligent in performing their part of the contract. We can gather from the testimony that there was some sort of an understanding or agreement between the defendant, Blue, and Bogart, the owner of the property, that the defendant was to have a right to purchase the land at a stipulated price if he concluded to do so by the next spring after the contract was made in October. While there is some conflict in the testimony in regard to this condition of the contract, we think the great weight of the testimony, as shown by the witnesses and by the circumstances surrounding the case, establishes that fact. The purchase was not made the next spring, but

the appellant continued to pay rent on the premises at fairly regular intervals, for two years and eight months after the oral agreement was entered into, making no demand for the performance of the contract until after Bogart had sold the land to the respondent.   Bogart himself, respondent Towner, and a disinterested witness, Taylor, all testified that the appellant Blue had stated to them that he had given Bogart permission to sell the land as he did not wish to purchase it. In fact, the appellant Blue himself testified that he had made that statement to Mr. Bogart at one time, but afterwards reconsidered the proposition and manifested a disposition to purchase the land according to the original contract.

It cannot be said, under the weight of the testimony, that the appellants were anxious, willing, or able to comply with the conditions of the contract; and, without specially reviewing the testimony, we are abundantly satisfied that the court would not be justified in compelling a specific performance of a contract for the sale of land on an oral contract upon the character or measure of testimony produced in this case. The judgment is affirmed.